UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kim Green, | ) | C/A No. 4:15-cv-01207-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Body Politic; | ) | |
| Department of Social Services and its agents; | ) | |
| Horry County Police Department and its Agents, all sued in their individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This case is before the court because of Plaintiff's failure to comply with the undersigned's Order of March 20, 2015. ECF No. 7. *See* General Order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007).

I.      Procedural Background

Plaintiff filed this case on March 13, 2015. ECF No. 1. Following review of her submissions to this court, Plaintiff was directed to provide certain items to the court in order to bring the case into proper form for consideration of whether or not service of process should issue against any Defendant. The mail in which the Order was sent to Plaintiff at the address she provided when this case was filed has not been returned to the court. The court has not received any response or request for extension of time to comply from Plaintiff and the time for compliance has now passed. Thus, is appears that Plaintiff received the Order, but neglected to comply with it. Plaintiff's lack of response to the initial Order indicates intent not to continue prosecuting this case.

II.     Recommendation

Accordingly, it is recommended that this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this court's Order and failure to prosecute the case. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*).

IT IS SO RECOMMENDED.

May 6, 2015                                                                           Kaymani D. West
Florence, South Carolina                                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).